
**FILED**
**NOVEMBER 12, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES NATHANIEL EVANS, PRO SE, | § | |
| also known as | § | |
| JAMES N. EVANS, | § | |
| TDCJ-CID No. 652108, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-267 |
| | § | |
| RICK THALER, BRITTANY D. DREES, | § | |
| GLEN A. NAURET, | § | |
| and THERESA L. HENDRICKS, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff JAMES NATHANIEL EVANS, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

Plaintiff complains that, on July 5, 2009, at about 11:45 a.m., he was charged by defendant DREES with attempting to establish an inappropriate relationship. He claims that, four hours later, he was confronted by defendant Sgt. NAURET who ordered him to the front desk. When NAURET ordered plaintiff to turn around and put his hands behind his back, plaintiff responded by asking what was going on. Nevertheless, when defendant NAURET pulled his pepper spray from the holster, plaintiff complied. Plaintiff complains NAURET handcuffed him and placed him in pre-hearing detention without telling him the reason. Plaintiff states his counsel substitute visited his cell at 3:45 a.m. on July 7th and informed him of the

charge against him. Plaintiff says he elected to waive twenty-four hour notice and asked for a hearing as soon as possible, which he received later that day.

Plaintiff has attached a copy of the Disciplinary Hearing Report, Exhibit 4 to plaintiff's complaint, which shows the charge as follows:

> On the date and time listed above and in front of 8-J-sally port, offender: Evans, James Nathaniel, TDCJ-ID No. 00652108, was in front of "J" Pod sally port when in fact said offender had no authorization to be in such place. Offender Evans was ordered by (Officer Drees) to leave the front of the sally port and said offender failed to obey the order. Offender Evans did attempt to establish an inappropriate relationship with (Officer Drees), which has the potential to jeopardize the security of the agency or compromise the effectiveness of the employee, by waiving and smiling and sending other offenders to her assigned duty post to say "Hi."

Exhibit 4 to plaintiff's complaint, at page 2.

Plaintiff alleges defendant DREES was called and testified over the speaker phone. Plaintiff claims defendant HENDRICKS, the Disciplinary Hearing Officer, found him guilty "with no regard for plaintiff [sic] due process." Plaintiff contends defendant DREES had no knowledge whether the inmates who told her plaintiff had sent them to her to say "Hi" were really telling the truth. Plaintiff also argues defendant HENDRICKS did not consider whether smiling and waiving satisfied the elements of attempting to establish an inappropriate relationship or why there was no corroborating testimony from defendant DREES' co-workers.

Plaintiff requests his S-4 and minimum custody be reinstated and that he be awarded compensatory and punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's original complaint and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff has attached a copy of Code 30.1 as his "Exhibit 3" to his complaint. Code 30.1 reads as follows:

> 30.1 Attempting to establish an inappropriate relationship with a staff member, . . . – attempting to establish, any type of personal relationship with staff or volunteers that jeopardizes, or has the potential to jeopardize the security of the agency or which compromises the effectiveness of the staff member . . ..

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Plaintiff argues his alleged conduct of waiving and smiling does not meet the criterial for a Code 30.1 violation. Plaintiff cites *Coffman v. Trickey*, 884 F.2d 1057 (8th cir. 1989), in which an inmate who was waiving to someone outside the fence was charged with violating an unspecified published rule. *Coffman* is readily distinguishable from the instant circumstance, in that plaintiff was not charged with violating some unspecified rule; the rule was plainly specified: he was charged with attempting to establish an inappropriate relationship with a guard.

The Court notes that the conduct of waiving and smiling, especially after being told to leave, can reasonably be considered an attempt to establish some type of personal relationship. Further, the conduct of sending several other inmates to defendant DREES' work station to say "Hi" on plaintiff's behalf can also reasonably be considered an attempt to establish some type of personal relationship. Any personal relationship between an inmate and a guard, but especially one that is common knowledge among other inmates, would compromise the effectiveness of that guard and have the potential to jeopardize the security of the agency. Therefore, plaintiff had notice of the prohibited nature of the charged conduct. The disciplinary charge, as shown at Exhibit 4 page 2, is not so vague as to deprive plaintiff of due process.

Further, the TDCJ Disciplinary Report and Hearing Record, at Exhibit 4, page 1 to plaintiff's complaint, shows plaintiff lost no goodtime and suffered only a reduction in classification and 45 days of commissary and cell restrictions. In the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the ambit of a prisoner's potential Fourteenth Amendment due process liberty claims has been dramatically narrowed and prisoners retain a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995). These will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)[3]. Moreover, the effect on the duration of his sentence that a reduction in class has upon an inmate's ability to earn good-time credits is too speculative and too attenuated to invoke the procedural guarantees of the Due Process Clause. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)(citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Inasmuch as the result of this disciplinary hearing had no effect on the length of plaintiff's confinement, he has no federally protected Due Process rights in connection with it. Plaintiff's claims in this respect lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

For all the reasons set forth above, plaintiff's claims against defendant HENDRICKS lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

To the extent plaintiff is suing defendant DREES for filing an erroneous or even false disciplinary case against him, such an allegation fails to state a claim. There is no longer a freestanding section 1983 claim for malicious prosecution in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Id.*

Plaintiff does not make clear whether he is suing defendant NAURET because of an

---

[3] The *Sandin* Court expressly recognized the unusual deprivations in *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer to a mental hospital), and *Washington v. Harper*, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990)(forcible administration of psychotropic drugs), also involved a liberty interest.

unsatisfactory investigation of the disciplinary charge, because he placed plaintiff in pre-hearing detention without telling plaintiff what the charge was, or because he took his pepper spray out of his holster. Since plaintiff had no protected due process rights in connection with the disciplinary charge against him, *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), he had no due process rights in connection with the investigation of that charge or when he was informed of the charge. As to NAURET's unholstering his pepper spray, plaintiff's account indicates it was done in response to plaintiff's demand for an explanation rather than obeying an order to turn around and put his hands behind his back. In any event, plaintiff does not indicate the spray was used, and there is no basis for a claim of excessive force.

Lastly, as to defendant THALER, plaintiff alleges no fact implicating this defendant at all. To the extent plaintiff's claim against this defendant is based on his supervisory position, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by defendant THALER and has alleged no fact showing any causal connection between his acts or omissions and the alleged constitutional violation. Consequently, plaintiff's allegations against defendant THALER fails to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JAMES NATHANIEL EVANS be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of November, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).